FILED
2011 Jul-18 PM 03:32
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| JEREMY CLARK, | } |
| Plaintiff, | } |
| v. | } CASE NO. 5:09-cv-1789-SLB |
| RAYMOND F. SCHINAZI, | } |
| Defendant. | } |

## MEMORANDUM OPINION

This case is currently before the court on plaintiff Jeremy Clark's ("Clark") Motion for Reconsideration. (Doc. 33.)[1] In the Motion, Clark asks the court to reconsider its denial of Clark's Motion for Leave to File First Amended Complaint. (Doc. 14.) Upon consideration of the record, the submissions of the parties, and the relevant law, the court is of the opinion that Clark's Motion for Reconsideration, (doc. 33), is due to be denied.

## II. FACTUAL AND PROCEDURAL HISTORY

Unsatisfied with the Honorable Lynwood Smith's ruling in *Clark v. Schinazi*, No. 5:08-cv-0204-CLS (N.D. Ala. filed Dec. 17, 2008), staying the case pending arbitration pursuant to an arbitration provision entered into between Clark and Pharmasset, Inc. ("Pharmasset"), which was signed by defendant Raymond F. Schinazi ("Schinazi"), Clark filed his Initial Suit for Declaratory Judgment against Schinazi asking this court to declare

---

[1] Reference to a document number, ["Doc. ___"], refers to the number assigned to each document as it is filed in the court's record.

the arbitration provision to be void and unenforceable.[2]  (Doc. 1 ¶¶ 8-11.)  In response, arguing that Clark's Initial Suit for Declaratory Judgment is merely a "wrongful attempt to avoid the ruling in [the prior pending action]," Schinazi filed a Motion to Dismiss or, in the Alternative, to Stay or to Consolidate.  (Doc. 6.)  Contemporaneously with the Motion, Schinazi also filed a Brief in Support, (doc. 7), and an evidentiary submission, (doc. 8).  Clark filed a Statement in Opposition, (doc. 11), and a Brief in Support of Opposition.  (Doc. 12).

Following the briefing on Schinazi's Motion to Dismiss, Clark filed a Motion for Leave to File First Amended Complaint.  (Doc. 14.)  Schinazi then filed a Response to Plaintiff's Motion for Leave to File First Amended Complaint, (doc. 16), which prompted Clark to file a Supplement to Motion for Leave to File First Amended Complaint.  (Doc. 17).  Schinazi later filed a Sur-Response to Plaintiff's Supplement to Motion for Leave to File First Amended Complaint.  (Doc. 19.)

Subsequently, Schinazi filed a Motion for Stay of Discovery and for Protective Order, (doc. 23), along with a Brief in Support, (doc. 24).  Clark then filed a Statement in Opposition to Defendant's Motion for Protective Order.  (Doc. 27.)  Finally, Schinazi filed a Reply in Support of Motion for Stay of Discovery and for Protective Order.  (Doc. 30.)

---

[2] A full recitation of the facts pertinent to Clark's Motion for Leave to File First Amended Complaint, (doc. 14), and Clark's Motion for Reconsideration, (doc. 33), is set forth in the Memorandum Opinion entered on September 7, 2010.  (Doc. 31.)

By Memorandum Opinion and Order entered on September 17, 2010, (docs. 31 & 32), this court granted Schinazi's Motion to Dismiss, (doc. 6), denied as moot Schinazi's alternative Motion to Stay or to Consolidate, (doc. 6), denied as futile Clark's Motion for Leave to File First Amended Complaint, (doc. 14), and denied as moot Schinazi's Motion for Stay of Discovery and for Protective Order. (Doc. 23)

Again unsatisfied with a ruling of this court, Clark filed the instant Motion for Reconsideration, (doc. 33), seeking not a second, but a third bite at the issues already decided by the court. Schinazi filed a Response to Plaintiff's Motion for Reconsideration. (Doc. 35.) Clark filed a Reply to Schinazi's Response to Plaintiff's Motion for Reconsideration. (Doc. 36.) The matter was thereafter deemed under submission. (*See* doc. 34.)

## II. DISCUSSION

Clark's Motion for Reconsideration, (doc. 33), urges the court to reconsider pursuant to Federal Rules of Civil Procedure 59(e) and 60(b) its Memorandum Opinion, (doc. 31), and Order, (doc. 32), denying Clark's Motion for Leave to File First Amended Complaint, (doc. 14). (*See* doc. 33 at 1.) In *Smith v. Secretary, Florida Dept. of Corrections*, 358 Fed. Appx. 60 (11th Cir. 2009), the Eleventh Circuit explained that:

> A Rule 59(e) motion under the Federal Rules of Civil Procedure seeks to alter or amend a judgment and must be filed no later than ten business days after the entry of judgment. Fed. R. Civ. P. 59(e); *see Mays v. U.S. Postal Serv.,* 122 F.3d 43, 46 (11th Cir. 1997). In order for a Rule 59(e) motion to be granted, a party must identify "newly-discovered evidence or manifest errors of law or fact." *Arthur v. King,* 500 F.3d 1335, 1343 (11th Cir. 2007)

> (internal quotation marks omitted). A Rule 59(e) motion cannot be used to relitigate matters that already have been considered. *Id.* Moreover, such a motion cannot be used to raise arguments or present evidence that could have been raised before the judgment was entered. *Id.*
>
> A Rule 60(b) motion under the Federal Rules of Civil Procedure may provide relief from a judgment due to: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which could not have been discovered earlier with due diligence; (3) fraud, misrepresentation, or other misconduct of an adverse party; (4) a void judgment; (5) a judgment that has been satisfied, released, discharged, reversed, or vacated; or (6) any other reason justifying relief from the operation of the judgment. Fed. R. Civ. P. 60(b). Relief under Rule 60(b)(6) "is an extraordinary remedy, but it is within the district court's discretion to grant it in order to do justice." *Ritter v. Smith,* 811 F.2d 1398, 1400 (11th Cir. 1987).

*Id.* at 64.

Because Clark filed the Motion for Reconsideration within twenty-eight days of the entry of this court's Memorandum Opinion and Order, (docs. 31 & 32), the motion procedurally qualifies as a Rule 59(e) motion. *See* Fed. R. Civ. P. 59(e);[3] (doc. 33.) Also, Clark's Motion relies on "new evidence" and a "clear error of law." *See* Fed. R. Civ. P. 59(e); (doc. 33 at 1-2.) Clark did not argue that he was entitled to relief under any of the specific justifications found in Rule 60(b). *See* Fed. R. Civ. P. 60(b); (doc. 33.) Accordingly, the court construes Clark's Motion for Reconsideration as a motion to alter or amend a judgment pursuant to Rule 59(e).

---

[3] Fed. R .Civ. P. 59(e) was amended, effective 1 December 2009, to expand the ten day period to twenty-eight days.

In the Motion for Reconsideration, Clark argues that this court "is nurturing a clear injustice" and "has turned a blind eye" because the court "completely ignored the new facts and allegations" in his Proposed First Amended Suit. (Doc. 33 at 1-2 & 6.) In response, Schinazi argues that Clark's Motion for Reconsideration should be denied because it is based on "the exact same grounds . . . advanced in support of his original motion to amend" and "does not present any newly discovered evidence in support of his motion or show that the Court overlooked any facts or legal authority in considering his motion to amend." (Doc. 35 at 1-2.) The court agrees with Schinazi.

Clark's Motion for Reconsideration is a belated attempt to relitigate issues necessarily decided by the court's Memorandum Opinion, (doc.31), and Order, (doc. 32), denying his Motion for Leave to File First Amended Complaint. (Doc. 14.) Clark's protestations to the contrary, the court did not ignore the facts and allegations of his Proposed First Amended Suit. (*See* doc. 31 at 12 ("In the Motion, Clark requests leave to file his Amended Complaint, which adds allegations that Schinazi violated 5 C.F.R. § 2635.802, as well as additional facts concerning a license agreement entered into between Pharmasset and Emory University.") (internal citation omitted).) Instead, the court denied Clark's Motion for Leave to File First Amended Complaint as futile. (Doc. 33 at 14); *see Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007) (citing *Hall v. United Ins. Co. of Am.*, 367 F.3d 1255, 1263 (11th Cir. 2004) ("Leave to amend a complaint is futile when the complaint as amended would still be properly dismissed or be immediately subject to

5

summary judgment for the defendant.")). Clark's Motion for Reconsideration and Reply to Defendant's Response to Plaintiff's Motion for Consideration, (docs. 33 & 36), like his Motion for Leave to File First Amended Complaint, (doc. 14), fails to explain why or how his proposed amendments would not be futile or meritless, that is, why the new facts in his Proposed First Amended Suit for Declaratory Judgment, (doc. 21-1), allege illegality specific to the arbitration agreement, as required by *Buckeye Check Cashing, Inc. v. Cardegna*, 546 U.S. 440, 445-46 (2006). *See U.S., ex rel., Shurick v. Boeing Co.*, 330 Fed. Appx. 781, 784 (11th Cir. 2009) (quoting *U.S. ex rel. Atkins v. McInteer*, 470 F.3d 1350, 1362 (11th Cir. 2006) (quoting *Wisdom v. First Midwest Bank,* 167 F.3d 402, 409 (8th Cir. 1999) ("[A] plaintiff 'should not be allowed to amend his complaint without showing how the complaint could be amended to save the meritless claim.'"))).

In the Memorandum Opinion denying Clark's Motion for Leave to File First Amended Complaint, the court expressly stated:

> Indeed, while Clark's Proposed First Amended Suit for Declaratory Judgment adds various facts and allegations, the crux of his argument, i.e. that Schinazi's simultaneous employment at both Pharmasset and the Department of Veteran Affairs violated federal conflict of interest laws, as well as the requested relief, i.e. a declaration that the Employment Agreement's Arbitration Clause is "void and unenforceable," remain the same.

(Doc. 31 at 13.) The "various facts and allegations" alluded to in the court's Memorandum Opinion quoted *supra* constitute the entirety of Clark's "new evidence." (*See* docs. 21-1, 33, & 36.) However, this evidence cannot be characterized as "new" or

"newly discovered" within the meaning of Fed. R. Civ. P. 59(e) given that such evidence was clearly considered by the court in denying Clark's Motion for Leave to File First Amended Complaint. (*See* doc. 31.) Furthermore, in considering such evidence, the court finds that it did not commit "manifest errors of law or fact." *See Arthur,* 500 F.3d at 1343. The court concludes that the allegations of Clark's Proposed First Amended Suit for Declaratory Judgment, (doc. 21-1), *whether based on a violation of federal conflict of interest laws or not*, are the same as the allegations in his Initial Suit for Declaratory Judgment, (doc. 1), and the Complaint in *Clark v. Schinazi*, No. 5:08-cv-0204-CLS (N.D. Ala. filed Dec. 17, 2008). Even holding Clark's *pro se* pleadings "to a less stringent standard than pleadings drafted by attorneys" as required by *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998) (citation omitted), the court finds that all of Clark's allegations go to the employment agreement as a whole and are, therefore, foreclosed under *Buckeye*. *See* 546 U.S. at 445-46.

## CONCLUSION

For the reasons stated above, Clark's Motion for Reconsideration, (doc. 33), is due to be denied. An Order in conformity with this Memorandum Opinion will be entered contemporaneously.

The Clerk of the Court is **DIRECTED** to provide a copy of this Memorandum Opinion to Clark at the following address:

Jeremy Clark
349 S. Burbank Drive
Birmingham, Alabama 35226

**DONE,** this 18th day of July, 2011.

                                                   _Sharon Lovelace Blackburn_
                                                   SHARON  LOVELACE  BLACKBURN
                                                   CHIEF UNITED STATES DISTRICT JUDGE